## LATERAL SUPPORT TAKEN BY A STREET IMPROVEMENT.

Superior Court of Cincinnati.

MARGARET ORR V. CITY OF CINCINNATI AND THE KIRCHNER
CONSTRUCTION COMPANY.

Decided, December, 1914.

*Lateral Support—Interference With Right of, by Excavation for a
Street Improvement—Abutting Owner Entitled to Compensation—
But Improvement Can Not be Enjoined Until Compensation is
Made—Section 3829.*

1. Where a proposed street improvement will require such a cut or
   excavation along the property of an abutting owner as to interfere
   with the right to lateral support, there would a taking of property
   within the meaning of the Constitution, for which the owner
   would be entitled to compensation.
2. A municipality, however, is not required to first make compensa-
   sation to the owner in such a case before proceeding with the
   street improvement, but may proceed with the improvement and
   make compensation thereafter; an injunction, therefore, will not
   lie to prevent a municipality from proceeding with such improve-
   ment.
3. Where such abutting property owner has been served with notice
   of the proposed improvement, and has filed his claim for dam-
   ages within the prescribed time, it becomes the duty of the mu-
   nicipality, when it decides to proceed with the improvement, to
   determine whether or not such claim shall be inquired into before
   or after the improvement is made, and a failure to act in this re-
   spect should be considered a determination by the municipality
   to have the claim inquired into after the improvement is com-
   pleted in accordance with the provisions of Section 3829 of the
   General Code.
4. A property-owner who has duly filed his claim for such damages is
   entitled to have his claim judicially inquired into and is not
   obliged to file a separate or independent suit against the city to
   recover such damages.

*Heisel & Orr,* for plaintiff.
*Oliver S. Bryant,* for City of Cincinnati.
*Dinsmore & Shohl,* for the Kirchner Construction Co.

SUTPHIN, J.

This is a suit for an injunction to restrain the defendants from proceeding with the improvement of Laclede avenue in Price Hill, in the city of Cincinnati. The material facts were agreed to by counsel and supplemented by evidence introduced by the plaintiff, and were as follows:

The plaintiff owns property at the southeast corner of Ross avenue and Laclede avenue in this city, upon which there is a dwelling-house. The lot of land fronts thirty feet on Ross avenue and extends back one hundred and twenty feet on Laclede avenue. The house is situated ten feet back from Ross avenue and extends back to a point fifty feet from Ross avenue, the north wall of which is within one foot from the south line of Laclede avenue. Plaintiff purchased the lot in question in 1889, and in the following year constructed her house thereon. The house was constructed in accordance with the grade of Ross avenue, which had been established in 1876, though not improved until some seven years after the house was built. At the time the house was built there was no established grade for Laclede avenue, though one was established three years later and subsequently re-established in 1913. According to the existing and natural level of Laclede avenue, there is a slope downward to the east from Ross avenue, and there is a material hump or knoll on that part of the street abutting plaintiff's property. The improvement of Laclede avenue to the established grade would require a lowering of the street from its natural level, so as to leave a cut or excavation along the north side of plaintiff's property, varying in height from nothing at Ross avenue to four feet four inches at a point opposite the rear end of plaintiff's house to five feet four inches along the plaintiff's back yard, and it is claimed that this improvement would deprive plaintiff of her right to lateral support, thereby leaving her lot and building walls unprotected and exposed, and in danger of being precipitated onto Laclede avenue.

A resolution declaring the necessity of improving Laclede avenue was passed by council of the city of Cincinnati, January 28, 1913, and notice of the passage of such resolution was served

on the plaintiff March 15, 1913. Within two weeks thereafter plaintiff filed a claim, in writing, with the clerk of council for twenty-five hundred dollars damages. On June 28, 1913, council passed a resolution determining to proceed with the proposed improvement. This resolution, however, was silent as to whether claims filed for damages should be judicially inquired into before commencing or after the completion of the proposed improvement. This resolution was duly advertised, and the contract was in due time awarded the Kirchner Construction Company, one of the defendants herein. The improvement in question was started about three weeks before the filing of the petition in this case, and the contractors had progressed with their excavation and work until they were just up to plaintiff's property, when this application for injunction was made to restrain the contractors and the city from proceeding any further.

As above stated, plaintiff claims that this improvement will result in a taking of her property in so far as it will deprive her of the right to lateral support by removal of that part of the land in the street which immediately adjoins her property, and that she has a constitutional right to receive compensation for what will be taken before the improvement is made, in accordance with the provisions of Sections 3677 *et seq.* of the General Code. Plaintiff claims that this right is independent of any right which she might have for damages incident to a change of grade.

Now, it is clearly established in this state that the right of lateral support is not a mere easement, but is part of the owner's property in the land. It is a right of property which attaches to the soil and passes with it, and such right exists against municipal corporations as well as individuals. *Joyce* v. *Barron*, 67 O. S., 264.

For the purpose of this case, it is not necessary to determine to just what extent plaintiff would be deprived of lateral support for her land by this proposed improvement. The important question is, whether her property right may be taken for the purpose of making this improvement without first mak-

ing compensation therefor. The evidence in this case shows
that no compensation has been made to the plaintiff. If she
had a right to receive it in advance, then this threatened inter-
ference with her property right would entitle her to an in-
junction.

Article I, Section 19, of the Constitution of Ohio provides:

"Private property shall ever be held inviolate, but subse-
vient to the public welfare. When taken in time of war or
other public exigency, imperatively requiring its immediate
seizure or for the purpose of making or repairing roads, which
shall be open to the public, without charge, a compensation shall
be made to the owner, in money, and in all other cases, where
private property shall be taken for public use, a compensation
therefor shall first be made in money, or first secured by a de-
posit of money; such compensation shall be assessed by a jury,
without deduction for benefits to any property of the owners."

It will be observed that the right to take private property for
the purpose of making and repairing roads is one that can not
be exercised except for a public use, and then only when such
roads are open for the free use of the public. The framers of
our Constitution considered this object of such importance as to
mention it in connection with that inherent right of sovereignty
to seize property in time of war. It is to be particularly noted
that while the person whose property is taken for such purpose
is entitled to compensation, yet it is not provided that compen-
sation shall first be made, which omission is in marked con-
trast to the requirement that such compensation shall first be
made in all other cases where private property is taken for
public use. What is said with reference to a road would apply
with equal force to a street in a municipality which is open to
the free use of the public, as is the street in question. Our
Supreme Court has on several occasions recognized that private
property may be taken for this purpose without first making
compensation therefor. *Hixon* v. *Burson,* 54 O. S., 470, 483;
*Toledo* v. *Preston,* 50 O. S., 361, 366; *Joyce* v. *Barron,* 67 O. S.,
264.

It is clear therefore that no constitutional right will be in-
vaded by permitting this improvement to be completed before

compensation is made. In fact, it can be readily conceived that in a majority of cases, especially where there has been an excavation, it would be impossible to ascertain definitely the extent of the injury or damage to a person's property until it had been completed. The Supreme Court of Ohio, in considering the constitutionality of Section 2316 of the Revised Statutes, a part of which is generally the same as Section 3824 of the General Code hereinafter quoted, recognized this in holding that compensation could be made in such cases after the improvement had been completed. See *Toledo* v. *Preston,* above cited, where at page 367 Judge Bradbury said:

"The statute under consideration, however, only contemplates a delay until the injury shall be fully accomplished; for until the improvement has been completed, it is perhaps always impracticable to ascertain with certainty the extent of the injury, *the fill or excavation,* as the case may be, will cause; in fact the injury has not been completed until then; and a delay of the proceedings until that time, we do not think, necessarily conflicts with that provision of the Constitution, before quoted, which provides that the administration of justice shall neither be denied nor delayed."

The next question then is whether or not the plaintiff has an adequate remedy at law. When a municipality considers it necessary to make a street improvement, it first prepares plans, specifications, estimates and profiles showing the proposed grade of the street after completion with reference to the property abutting thereon. Council then passes a resolution of necessity, which contains the essential facts with reference to same, and serves notice upon property owners so that they may come in and examine plans, etc., and determine whether or not any damages will be suffered by reason of such improvement. If the property owner considers that he will be damaged, then he must file his claim within two weeks after the service of the notice. The purpose of this is to enable the city to determine whether it is practical from a business standpoint to proceed with the improvement. The duty of the city at this stage is best described in the language of the statute, Section 3824 of the General Code, which reads as follows:

"At the expiration of the time limited for so filing claims for damages, the council *shall* determine whether it will proceed with the proposed improvement or not, and whether the claims for damages so filed shall be judicially inquired into, as hereinafter provided, before commencing, or after the completion of the proposed improvement."

If council decides to proceed with the improvement, an ordinance to that effect must be passed.

The city can not disregard claims for damages which have been filed, but it must determine, coincident with its determination to proceed with the improvement, whether these claims for damages shall be inquired into before or after the improvement is made. The fact that no such determination is made can not relieve the city of its obligation to do so; at most, its failure to decide must be considered as a determination to have claims for damages inquired into after the proposed improvement is completed. Such judicial inquiry must be made within ten days after the completion of such improvement by written application and trial by jury in the common pleas or probate court of the county. (Section 3829, General Code.)

Plaintiff filed her claim for damages within the time and would therefore be entitled to have the same judicially inquired into and determined at the time and in the manner above set forth; this remedy is open to her as a matter of right and it should not be necessary for her to institute a separate action at law for damages.

Counsel for the city, however, contends that the city is not obliged to act upon this claim for damages which was filed, and that if plaintiff has any claim which she wishes to assert, her remedy is to proceed in an action at law for damages. Of course there can be no question but that if the city fails to make application for this judicial inquiry, the plaintiff would have a right to proceed against the city by an independent suit. But the important point is that a person who has filed her claim for damages as above described is not obliged to file a separate suit. If the city fails to make application to the court within ten days after the completion of such improvement it fails to perform a statutory duty imposed upon it, which its

proper officers could doubtless be compelled to perform by a mandamus proceeding. This duty has been clearly recognized by the Supreme Court of Ohio in the case of *Joyce* v. *Barron*, 67 O. S., 264, where on page 274, Judge Spear said:

"But it is said that she might have proceeded herself, by an independent suit, to recover her damages. This proposition is without merit. She did not have to. No such duty devolved upon her. The city had taken her property, and it was incumbent upon it to so conduct its improvement proceeding as to result in an ascertainment of her damages, or an adjudication that none had been sustained, in the proper forum, and this, to be commenced, in the language of the statute itself, if not sooner, at least 'within ten days after the completion of such improvement.'"

In that case the street in front of a considerable portion of the plaintiff's property had been cut down so that her property stood ten feet above the street level. The court laid particular stress upon this right of the owner of property to have his damages promptly determined and paid, so that the owner in turn would have the money to meet any assessment levied for the improvement. This conclusion of the court finds support in Section 3911 of the General Code, which is the last section in the chapter which contains the sections hereinabove quoted. This section enjoins a strict construction, "in favor of the owner of the property assessed or injured, as to the limitations on assessment of private property, and *compensation for damages sustained.*"

In so far as plaintiff's claim for damages might include the interference with her right to lateral support, we are convinced that she would have an adequate remedy at law. The unquestioned law of this state is that any injury to a person's soil resulting from the removal of the natural support to which it is entitled, by means of excavation of an adjoining tract, gives to the owner a legal remedy in an action at law against the party by whom the work has been done and the mischief thereby occasioned. This right of action does not depend upon negligence or unskillfulness, but upon the violation of a right of property which has been invaded. Where, however, the injury

is to buildings which have been constructed upon the land, the owner has a legal remedy in an action at law only when he can prove that there has been some positive act of negligence on the part of those making the excavation. See *Keating* v. *Cincinnati,* 38 O. S., 141.

Our conclusion therefore is that the city has a right to proceed with the improvement in question without first compensating the plaintiff for any property right taken for the purpose of making such improvement; that in doing so the plaintiff is not deprived of any constitutional right; that plaintiff has an adequate remedy at law to recover compensation for any property right so taken as well as any other damages suffered.

While this was a hearing upon a motion for temporary restraining order, yet by consent of the parties it was treated as a final submission of the case, and therefore the motion will be denied, the temporary restraining order heretofore granted will be vacated, and the plaintiff's petition will be dismissed.